**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Burke et al., | No.  CV-23-02620-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Liberty Mutual Personal Insurance Company et al., | |
| Defendants. | |

Before the Court is Defendant Liberty Mutual Personal Insurance Company's Motion for Summary Judgment (Doc. 20) along with Plaintiffs Matthew and Nannette Burke's Cross Motion for Summary Judgment (Doc. 28). The Motions are fully briefed (Docs. 21, 29, 30, 31, 32, 33), and this Court now rules as follows.[1]

## I.    BACKGROUND

Plaintiffs Matthew and Nannette Burke are insured by Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual"). (Doc. 29 at 4). This action arises out of a motorcycle accident in which Plaintiff Matthew Burke collided with a truck ladder rack while traveling south on State Route 77 on May 29, 2023. (Doc. 20 at 2)

Plaintiff's traveling companions, Justin Farrar and Samuel Vanatta II, witnessed the accident and provided statements. (Doc. 28 at 2). Additionally, another driver, Brianna

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Madrid, witnessed the accident while traveling southbound on State Route 77; Madrid had driven northbound on the road approximately 10 minutes prior and provided a statement that she had not seen the object in the road at that time. (Doc. 21-1 at 9).

Plaintiffs filed a claim with Defendant Liberty Mutual on June 2, 2023. (Doc. 20 at 2). Liberty Mutual investigated Plaintiffs' claim and sought outside counsel's opinion regarding whether Plaintiffs' claim warranted coverage under Arizona law. On October 6, 2023, Defendant Liberty Mutual denied the insurance claim pursuant to the uninsured motorist coverage provision of Plaintiffs' automobile and motorcycle policies. (Doc. 29 at 6). Under the provision, an uninsured motor vehicle refers to "a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in bodily injury without hitting." (Doc. 1-1 at 4). The policy provides that absent physical contact with a hit-and-run vehicle, the "facts of the accident must be proved" and the claimant "shall provide corroboration that the unidentified motor vehicle caused the accident." (*Id.*)

Plaintiffs originally filed suit in state court, but Defendants removed the case to this Court on December 15, 2023. (Doc. 1). Plaintiffs bring two claims seeking declaratory judgment against Defendant Liberty Mutual for breach of contract and bad faith claims handling. (Doc. 1-1 at 6–7). Count One alleges Defendant Liberty Mutual breached Plaintiffs' insurance contract by wrongfully denying and failing to perform its obligation to provide uninsured motorist insurance coverage. (*Id.*) Count Two alleges that Defendant Liberty Mutual acted in bad faith by failing to provide insurance coverage without reasonable justification. (*Id.* at 8). Defendant Liberty Mutual now moves for summary judgment against both claims brought by Plaintiffs, arguing that Plaintiffs (1) did not prove physical contact with an unidentified vehicle such to necessitate coverage under the insurance policy; (2) did not provide sufficient corroborating evidence under Plaintiffs' policy and the Arizona Uninsured Motorist Act; and (3) cannot establish Defendants acted in bad faith in handling Plaintiffs Claim. (Doc. 20). Plaintiffs filed a response and submitted a cross-motion for summary judgment on Plaintiffs' breach of contract and bad faith

claims. (Doc. 28).

## II.    LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy its burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id*. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorable to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). When parties file cross-motions for summary judgment, the court must review each motion separately, giving the nonmoving party for each motion the benefit of all reasonable inferences. *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1118 (9th Cir. 2018).

## III.    DISCUSSION

Plaintiffs and Defendant Liberty Mutual move for summary judgment with respect to whether (1) Plaintiffs satisfy the physical contact requirement for purposes of uninsured motorist coverage under Arizona law as to qualify for coverage; (2) Plaintiffs sufficiently provided corroborating evidence to establish the accident was caused by an unidentified vehicle as to qualify for coverage; and (3) Defendant committed bad faith in handling Plaintiffs' claim. (Docs. 20, 28). The Court will address each issue individually.

### A.    Physical Contact Requirement

The Arizona Uninsured Motorist Act ("UMA"), A.R.S. § 20-259.01, regulates certain insurance coverage claims where uninsured or unidentified motorists have caused accidents. *See Lowing v. Allstate Ins. Co.*, 859 P.2d 724, 727 (Ariz. 1993); *Scruggs v. State Farm Mut. Auto. Ins. Co*., 62 P.3d 989, 990 (Ariz. Ct. App. 2003); *Calvert v. Farmers Ins. Co. of Ariz.*, 697 P.2d 684, 687 (Ariz. 1985). Specifically, Subsection M of the UMA

requires claimants seeking uninsured motor vehicle coverage for an accident in which the claimant alleges an unidentified vehicle was the cause to either "demonstrate physical contact between the claimant's vehicle and the unidentified vehicle" or "submit corroboration of his version of the accident." A.R.S. § 20-259.01(M); *Progressive Classic Ins. Co. v. Blaud*, 132 P.3d 298, 300 (Ariz. Ct. App. 2006); *Scruggs*, 62 P.3d at 245.

Defendant Liberty Mutual argues that Plaintiffs fail to meet the physical contact requirement for purposes of uninsured motorist coverage because Plaintiffs cannot establish the ladder rack fell from a vehicle and because the ladder rack is not an integral part of the vehicle. (Doc. 20 at 3–4). Instead, Defendant argues that the ladder rack is more akin to cargo that had fallen from a truck, which Defendant argues is not contemplated under Arizona's Uninsured Motorist Act. (*Id.* at 4). Plaintiffs argue that the ladder rack does qualify as an integral part of the vehicle given its physical and functional characteristics, that a reasonable inference may be drawn that the rack fell from a vehicle, and thus Plaintiffs' collision with the ladder rack meets the physical contact requirement. (Doc. 33 at 2, 4–5).

In *Anderson v. State Farm*, the Arizona Supreme Court recognized the "vast number of factual situations in which injury is caused by an unidentified vehicle has le[]d jurisdictions to interpret 'physical contact' in very different ways." *Anderson v. State Farm Mut. Auto. Ins. Co*., 652 P.2d 537, 539 (Ariz. 1982). In regard to the question of whether contact with a stationary object in the road satisfies the physical contact requirement, the Arizona Court of Appeals has indicated that an analysis of whether the claimant collided with an integral part of the unidentified vehicle is appropriate. *Blaud*, 132 P.3d at 301. If an object is an integral part of the unidentified vehicle, Arizona courts are more likely to determine collision with such object constitutes "physical contact" sufficient to warrant uninsured motorist coverage. *Id*. Alternatively, Arizona courts and other jurisdictions have found that "[c]ontact between the insured's motor vehicle and debris dropped by the unidentified vehicle is insufficient." *Id. See also Smith v. Great Am. Ins. Co*., N.E.2d 528, 530 (N.Y. 1971) (finding physical contact requirement unsatisfied when ice, pebbles,

rocks, or "other debris on the roadway surface" are "cast off or cast up"); *Torstenson v. Doe*, 571 S.E.2d 432, 434 (Ga. Ct. App. 2002) (finding physical contact requirement unsatisfied when claimant's van was hit by cargo carried by the unidentified vehicle). Other jurisdictions have considered various factors—such as an item's method of installation, permanency, and essentialness to the vehicle's functionality—in applying an integral parts analysis. *See State Farm Mut. Auto. Ins. Co. v. Baldwin*, 373 S.W.3d 424, 431 (Ky. 2012). Even if an object is determined to be an integral part of a vehicle, Arizona courts have found summary judgment inappropriate where questions of fact exist regarding whether the object "actually came from the operation of another unidentified vehicle" or is instead mere cargo or debris. *Blaud*, 132 P.3d at 302.

Here, the parties present genuine disputes of fact regarding (1) whether the ladder rack constitutes an integral part of an unidentified vehicle and (2) whether the ladder rack came from the operation of an unidentified vehicle or is, alternatively, cargo or debris. Because these genuine questions of material fact exist, Defendant Liberty Mutual is not entitled to summary judgment. It follows that because the same questions of fact exist as to whether Plaintiffs satisfied the physical contact requirement, Plaintiffs are not entitled to summary judgment on their breach of contract claim.

### B.  Corroborating Evidence

Absent physical contact between the claimant's vehicle and the unidentified vehicle, a claimant must submit corroboration of his version of the accident to obtain uninsured motorist coverage. A.R.S. § 20-259.01(M). This requires that the claimant's representation of the accident be "confirmed or supported by any additional testimony, fact or evidence that strengthens and adds weight or credibility." *Lee v. State Farm Mut. Auto. Ins. Co*., No. CV-03-624-TUC-HCE, 2006 WL 8440876, at *6 (D. Ariz. 2006). "Once the claimant has done this, the statutory requirement has been met even if the claimant has not provided independent evidence that an unidentified motor vehicle actually existed." *Id.*

Defendant Liberty Mutual argues that Plaintiffs failed to provide corroborating evidence that Plaintiff Matthew Burke collided with an "integral part of a vehicle" (Doc.

20 at 6) or that an unidentified vehicle caused the collision with the ladder rack to begin with. (Doc. 32 at 4). Plaintiffs argue that the three witness statements and investigative crash report provide additional confirmation of Plaintiffs' depiction of the accident. (Doc. 28 at 12). Plaintiffs also argue that due to the "location, positioning, size, and weight of the truck ladder rack," it is "logically indisputable" that the ladder rack could have appeared on the freeway absent falling from an unidentified vehicle. (*Id.*).

Notably, here, witness Brianna Madrid provided corroboration that the ladder rack was not in the road when she had been travelling northbound approximately 10 minutes prior and concluding that "someone must've … dropped it." (Doc. 21-1 at 9). This account supports Plaintiff's representation of the accident: that the truck ladder rack fell from an unidentified vehicle. (Doc. 28 at 12). Furthermore, in *Blaud*, the Arizona Court of Appeals found that an eyewitness's independent confirmation that the claimant collided with tire tread on the highway provided "sufficient independent facts on which a fact finder could conclude that the tread came from another motor vehicle." *Blaud*, 132 P.3d at 303. Similarly, here, the corroborating evidence provides sufficient independent facts from which a fact finder could infer that the ladder rack came from another vehicle. The reasonable inference that another motor vehicle caused the ladder rack's appearance on the road is circumstantial evidence that a fact finder "must consider along with all of the other evidence to be weighed in its determination of where the preponderance of the evidence lies on the issue of whether an unknown motor vehicle caused the accident." *Blaud*, 132 P.3d at 302 (citing *State Farm Fire & Cas. Co. v. Guest*, 417 S.E.2d 419, 422 (Ga. Ct. App. 1992)). Thus, Plaintiffs have satisfied the corroboration requirements of the statute. Drawing all reasonable inferences in favor of Plaintiffs, Plaintiffs provided sufficient corroborating evidence for a fact finder to consider in determining whether an unidentified motor vehicle caused the accident. Defendant is not entitled to summary judgment.

A claimant's compliance with the UMA's corroboration requirement does not establish coverage under the insurance policy but satisfies the requirements for submitting a claim. *Blaud*, 132 P.3d at 303. A fact finder could come to alternative conclusions or

explanations of the accident. *Id.* Therefore, Plaintiffs are not entitled to summary judgment on their breach of contract claims merely because they satisfied the requirements of the UMA. *See id.* (finding that compliance with the UMA corroboration requirement did not entitle claimant to summary judgment on issue of coverage).

### C. Defendant's Bad Faith in Handling Plaintiff's Claim

"Every insurance contract contains an implied covenant of good faith and fair dealing." *VanLeuven v. Country Mut. Ins. Co*., No. CV-06-1516-PHX-EHC, 2008 WL 11440649, at *7 (D. Ariz. 2008) (citing *Noble v. National Am. Life Ins. Co*., 624 P.2d 866, 867 (Ariz. 1981)). The tort of bad faith requires that (1) the insurer acted unreasonably toward its insured, and (2) the insurer acted knowing that it was acting unreasonably or acted with such reckless disregard that such knowledge may be imputed to it. *Trus Joist Corp. v. Safeco Ins. Co. of Am*., 735 P.2d 125, 134 (Ariz. Ct. App. 1986). The Arizona Supreme Court has held that the scope of an insurer's duty to deal in good faith "must be measured by the facts and circumstances of each particular case." *Sparks v. Republic Nat. Life Ins. Co*., 647 P.2d 1127, 1137 (Ariz. 1982). Furthermore, while an insurer's belief that the validity of a claim is "fairly debatable" or that coverage is precluded under the insurance contract is a defense to a charge of bad faith, "such a belief is a question of fact to be determined by the jury." *Id.* at 1137.

Defendant Liberty Mutual argues that summary judgment on Plaintiffs' bad faith claim is appropriate because it "reasonably believed Plaintiffs' claims could be rejected within the bounds of the law" and "[b]ecause Plaintiffs cannot show that Liberty Mutual arbitrarily or unreasonably interpreted both its policy and Arizona law, after reasonable investigation." (Doc. 20 at 8). Plaintiffs argue that Defendant Liberty Mutual failed to reasonably and objectively assess the merits of Plaintiffs' claim by erroneously misinterpreting relevant case law and refusing to reconsider granting coverage despite inconsistencies in classifying the ladder rack. (Doc. 28 at 17–18; Doc. 30 at 6). Arizona law is clear that such questions of an insurer's reasonableness with respect to its investigation or belief in the validity of a claim are questions are fact. Because the parties

dispute Defendant Liberty Mutual's reasonableness in denying Plaintiffs' coverage claim, a genuine dispute of material fact remains with respect to both Defendant's Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment. As such, neither Defendant nor Plaintiffs are entitled to summary judgment on Plaintiffs' bad faith claim.

## IV.    CONCLUSION

In sum, the Court finds that there are disputed issues of material fact regarding (1) whether Plaintiffs met the physical contact requirement sufficient to warrant coverage; (2) whether Plaintiffs provided corroborating evidence sufficient to warrant coverage; and (3) whether Defendant Liberty Mutual acted unreasonably in bad faith in handling Plaintiffs' insurance claim. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 20) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for Summary Judgment (Doc. 28) is **denied**.

Dated this 24th day of October, 2024.

Honorable Steven P. Logan
United States District Judge